UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| COUNTRY LANDSCAPING & | ) |
| SUPPLY, INC. and | ) |
| RAFAEL DIAZ PRADO, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 12-cv-4309 |
| v. | ) |
| | ) Judge John W. Darrah |
| UNITED STATES DEPARTMENT OF | ) |
| LABOR EMPLOYMENT & TRAINING | ) |
| ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Country Landscaping & Supply, Inc. ("Country Landscaping") and Rafael Diaz Prado filed a Complaint for declaratory judgment, mandamus, and injunctive relief against the United States Department of Labor (the "DOL"). Plaintiffs seek relief relating to the DOL's denial of a labor certification application and refusal to process visa applications. (Compl. ¶ 2.) The parties filed cross motions for summary judgment. The DOL moves for summary judgment, finding that the agency's decision regarding the Country Landscaping's application was not arbitrary or capricious nor contrary to the law. Plaintiffs, also moving for summary judgment, argue that the deficiencies in the application were merely harmless error or that the agency's decision was a denial of due process. The motions have been fully brief and are ripe for ruling.

**BACKGROUND**

Local Rule 56.1(a)(3) requires a party moving for summary judgment to provide "a statement of material facts as to which the moving party contends there is no genuine issue." Rule 56.1(b)(3) then requires the nonmoving party to admit or deny each factual statement proffered by the moving party and to concisely designate any material facts that establish a genuine dispute for trial. *See Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005). A litigant's failure to dispute the facts set forth in an opponent's statement in the manner dictated by Local Rule 56.1 results in those facts' being deemed admitted for purposes of summary judgment. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003).

To the extent that a response to a statement of material fact provides only extraneous or argumentative information, this response will not constitute a proper denial of the fact, and the fact will be admitted. *See Graziana v. Village of Oak Park*, 401 F. Supp. 2d 918, 937 (N.D. Ill. 2005). Similarly, to the extent that a statement of fact contains a legal conclusion or otherwise unsupported statement, including a fact which relies upon inadmissible hearsay, such a fact is disregarded. *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997).

The following is taken from the parties' statements of undisputed material facts submitted in accordance with Local Rule 56.1. This case involves a challenge to a final agency action under the Administrative Procedure Act ("APA"); the parties agreed discovery was unnecessary, and the DOL has submitted a certified copy of the administrative record. (Def.'s 56.1(a)(3) Statement ¶ 2.) Country Landscaping is an

Illinois corporation, operating in the Northern District of Illinois; Prado is an Illinois resident. (Pl.'s 56.1(a)(3) Statement ¶¶ 1-2.) Country Landscaping's principal and only place of business is located at 13305 131st Street in Lemont, Illinois. (*Id.* ¶¶ 6, 12.) Country Landscaping filed a labor certification application with the DOL on behalf of Prado on May 13, 2008. (*Id.* ¶ 3.) Country Landscaping posted, at its only place of business, a job notice for the requisite ten business days, but this notice did not state Country Landscaping's name or address. (*Id.* ¶¶ 13-14.) The DOL denied the labor certification on May 19, 2010, noting that the lack of the employer's name and location on the notice violated federal regulation. (*Id.* ¶ 7; Def.'s 56.1(a)(3) Statement ¶ 3.) Plaintiffs appealed this denial to the Board of Alien Labor Certification Appeals ("BALCA") on March 2, 2011, and their appeal was denied on December 23, 2011. (Pl.'s 56.1(a)(3) Statement ¶¶ 8-9.) The BALCA found the regulation required Country Landscaping's notice of filing to contain the information mandated for newspaper announcements, including the name of the employer and the location of the job opportunity. (Def.'s 56.1(a)(3) Statement ¶ 4.) Plaintiffs thereafter filed a motion to reconsider the denial of their appeal on January 16, 2012, arguing the omissions of its name and address in the notice was harmless error; BALCA also denied this motion. (Pl.'s 56.1(a)(3) Statement ¶¶ 10-12; Def's 56.1(a)(3) Statement ¶ 5.) Because Country Landscaping's notice failed to include its name or address, the application for permanent labor certification was denied by the DOL. (Pl.'s 56.1(a)(3) Statement ¶ 15.)

Jurisdiction exists under 28 U.S.C. §§ 1331, 2201, and venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(c).

## LEGAL STANDARD

Section 706 of the APA governs a court's review of an administrative agency decision. Under this law, a court, in reviewing an agency decision, must determine if an action by the agency was: arbitrary and capricious, an abuse of discretion, not in accordance with the law, or otherwise unsupported by substantial evidence. *See* 5 U.S.C. § 706(2)(A); *Abraham Lincoln Memorial Hosp. v. Sebelius*, 698 F.3d 536, 547 (7th Cir. 2012) (*Lincoln*). Final decisions of administrative agencies are given deference by district courts. A court must consider whether an agency's decision was "based on a consideration of the relevant factors and whether there has been a clear error of judgment. Nevertheless, the ultimate standard of review is a narrow one, and the district court may not substitute its judgment for that of the agency." *Secretary of Labor of U.S. v. Farino*, 490 F.2d 885, 889 (7th Cir. 1973) (quotations and citations omitted).

## ANALYSIS

The Immigration and Nationality Act creates a classification of aliens seeking admission into the United States based on offers of permanent employment. Before obtaining the classification of an alien as an employment preference immigrant, employers must obtain certification from the DOL, indicating that no qualified, able and willing American workers are available to fill the alien's position. In order for an employer to obtain certification for permanent employment of an alien in the United States, the employer must file an application, as governed by 20 C.F.R. § 656.10. In conjunction with this application for certification, an employer must post notice of its filing of the Application for Permanent Employment Certification. 20 C.F.R.

4

§ 656.10(d). The regulation identifies the information required to be included in the notice, which is the same that is required for advertisements in 20 C.F.R. § 656.17. The notice shall include the name of the employer and "the geographic area of employment with enough specificity to apprise applicants of any travel requirements and where applicants will likely have to reside to perform the job opportunity." 20 C.F.R. § 656.17(f). The DOL can deny a labor certification application if it fails to comply with regulations, and an employer can seek review of the denial with the BALCA.

Country Landscaping filed for permanent employment certification on behalf of Prado, as Country Landscaping sought to hire Prado as a landscaper. The DOL denied this application for permanent employment certification. As Country Landscaping concedes, it posted notice, but this notice failed to state the employer's name or the location of employment. (Pl.'s 56.1(a)(3) Statement ¶¶ 13-14.) Country Landscaping argued that, despite these omissions in the notice, their failure to comply fully with the notice regulation should be found to be harmless error. This harmless error argument was rejected by the BALCA, who denied reconsideration of its decision in January 2012.

Country Landscaping again raises its argument of harmless error in its motion for summary judgment. The DOL counters in its motion that the harmless error argument should again be rejected, as the denial of Country Landscaping's application was sufficiently supported by the law. Moreover, Country Landscaping failed to present the issue that standards, like the harmless error standard, under the Federal Rules of Civil Procedure are applicable to labor certification decisions. Having failed to exhaust this argument at the administrative level, Country Landscaping may not now raise the issue at

the district court level.  *See Magala v. Gonzales*, 434 F.3d 523, 527 (7th Cir. 2005).  Regardless, this harmless error argument fails because the APA applies to the review of an agency decision.  Country Landscaping's motion ignores the APA, which requires that a reviewing court may set aside an agency decision where the decision is found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; . . . [or] unsupported by substantial evidence . . . ."  *Lincoln*, 698 F.3d at 547 (citations omitted).  The APA requires only a notice of denial, "accompanied by a brief statement of the grounds for denial."  5 U.S.C. § 555(e).  Even if the harmless error standard were to apply, the error was not harmless; rather, Country Landscaping's omission of pertinent information violates both the letter *and* the purpose of the Act – to assist American workers by providing relevant information about a perspective employer.  *See In the Matter of Sagarsoft, Inc.*, BALCA Case No.: 2010-PER-01228, at *3 (Sept. 13, 2011).

As the administrative record shows, the DOL's decision to deny Country Landscaping's application was not arbitrary or capricious.  During an audit of Country Landscaping's application, the DOL discovered Country Landscaping failed to comply with the regulations governing the notice of the landscaping position.  The administrative record demonstrates that Country Landscaping's failure to include the employer's name and location of employment in its notice was identified as the defect in Country Landscaping's application.  This was not arbitrary or capricious but, rather, necessary for the DOL to properly enforce its regulations.  There was no abuse of discretion on the part of the DOL, nor was its denial of the application not in accordance with the law; to the contrary, the DOL's denial was directly in accordance with regulations.  *See* 20 CFR

§ 656.17. However minor an omission Country Landscaping seeks to characterize its mistake, Country Landscaping provides no basis for why it should be given a special exemption to the notice requirements. The Permanent Labor Certification regulations require an "applicant [to] strictly adhere to the rigorous regulatory requirements." *In the Matter of: Alexandria Granite & Marble*, BALCA Case No. 2009-PER-00373, at *3 (May 26, 2010). Additionally, Country Landscaping is not entitled to an exception to the rule by arguing a denial of procedural due process. Country Landscaping's application omitted critical information. It did not simply make a technical or typographical error, as was present in the *HealthAmerica* case, cited by Country Landscaping. *In the Matter of: HealthAmerica*, BALCA Case No. 2006-PER-00001 (July 18, 2006) (*en banc*). These regulations are in place to help the DOL process a high volume of applications consistently, while also limiting the ability of an applicant to misrepresent a job opportunity on an application. *Id.* As such, granting an exception such as the one sought by Country Landscaping would serve to swallow the rule.

## CONCLUSION

The DOL's denial of Country Landscaping's application was not arbitrary, capricious, or otherwise contradictory to applicable regulations. In light of the foregoing analysis, Plaintiffs' Motion for Summary Judgment is denied, and the DOL's Motion for Summary Judgment is granted, and Plaintiff's Complaint is dismissed.

Date: January 31, 2013

JOHN W. DARRAH
United States District Court Judge